**UNITED STATES of America,**
**Plaintiff,**

**v.**

**NORTHWEST LOUISIANA RESTAU-**
**RANT CLUB et al., Defendants.**

**Civ. A. No. 11033.**

United States District Court
W. D. Louisiana,
Shreveport Division.

July 14, 1966.

Nicholas de B. Katzenbach, Atty. Gen., John Doar, Asst. Atty. Gen., Civil Rights Division, St. John Barrett, D. Robert Owen, Louis Kauder, Jesse Queen, James Murphy, Attorneys, U. S. Department of Justice, Washington, D. C., Edward L. Shaheen, U. S. Atty., Shreveport, La., for the Government.

W. Scott Wilkinson, Wilkinson, Lewis, Woods & Carmody, Shreveport, La., for defendants.

FINDINGS OF FACT

Before WISDOM, Circuit Judge, and DAWKINS and HUNTER, District Judges.

PER CURIAM.

1. This action was filed on April 28, 1965 under Title II, the public accommo-

dations section of the Civil Rights Act of 1964. The complaint charged the Northwest Louisiana Restaurant Club, its officers, its voting members as a class, and the owners of three member restaurants with having engaged in racially discriminatory acts and practices by denying to Negroes the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of places of public accommodation.

2. The defendant Northwest Louisiana Restaurant Club was chartered under the laws of the State of Louisiana on June 30, 1964 as a non-profit corporation. Defendants Murrell Stansell, Glen O. Smith, and John LoBue are directors and officers of the Northwest Louisiana Restaurant Club. Defendant Mrs. J. C. Strickland is a director and, at the time the suit was filed, was secretary of the Northwest Louisiana Restaurant Club. Stansell is president of the Club. Smith is the vice-president and LoBue is the treasurer.

3. For purposes of this action, the Northwest Louisiana Restaurants, Incorporated and the defendant Northwest Louisiana Restaurant Club are one and the same. With the exception of the office of secretary, the directors, officers, and members are the same.

4. Defendant Luis Trujillo is a voting member of the Northwest Louisiana Restaurant Club and the owner of a restaurant known as the El Burrito Grill. Defendants Henry Joe and Lee Foo are voting members of the Northwest Louisiana Restaurant Club and the owners of a restaurant known as the Nanking Restaurant. Defendants Exell Thomas Ward and Pearl Ward are voting members of the Northwest Louisiana Restaurant Club and the owners of a restaurant known as Ward's Plantation House.

5. The persons listed in Attachment A are, or were at times pertinent to this cause, voting members of the Northwest Louisiana Restaurant Club and each is and was at all times pertinent to this cause an owner of a restaurant in the area of Shreveport or Lake Charles, Louisiana. The defendants Trujillo, Joe, Foo, and the Wards are members of a class consisting of the voting membership of the Northwest Louisiana Restaurant Club. The members of the class are so numerous as to make it impracticable to bring them all before the Court. There are common questions of law and fact affecting the rights sought to be enforced by the United States against the members of the class, and a common relief is sought as to all. The presence of the named defendants as parties provided adequate representation of all members of the class. Testimony by deposition was elicited from the great majority of the members of the class individually during which the attorney representing all the named defendants was present. Letters to all members of the Club were sent by Club officials at various times after this suit was filed in which the members were provided details of the litigation. Each member of the Club had full notice of the pendency of this lawsuit and the issues involved. Each was fairly and fully represented by the named defendants.

6. Prior to July 2, 1964, the effective date of the Civil Rights Act of 1964, the voting members of the Northwest Louisiana Restaurant Club operated their restaurants on a racially segregated basis but were otherwise open to the public at large.

7. The Northwest Louisiana Restaurant Club was organized and it exists for the purpose of avoiding the provisions of the Civil Rights Act of 1964 insofar as that Act prohibits certain restaurants from denying any persons the full and equal enjoyment of goods, services, facilities, privileges, advantages and accommodations of such restaurants without discrimination or segregation on the grounds of race or color.

8. Each of the voting members of the Northwest Louisiana Restaurant Club joined the Club and maintains its membership in the Club in order to avoid the application of the provisions of Title

II of the Civil Rights Act of 1964 to their respective establishments. The persons who organized the Club, particularly the defendant Stansell, solicited memberships in the Club by representing to restaurant owners that the Club would provide a means for avoiding the provisions of Title II.

9. Each of the restaurants owned or operated by voting members of the Northwest Louisiana Restaurant Club is and has been at all times pertinent to this cause an establishment open to the public and the character of its trade and the nature of its solicitation to the general public have not changed by reason of its membership in the Club.

10. Each of the restaurants whose owners are or were voting members of the Northwest Louisiana Restaurant Club and who are listed in Attachment A hereto is an establishment principally engaged in selling food for consumption on the premises, and a substantial portion of the food and other products sold at each restaurant has moved in commerce from outside the State of Louisiana to within the State of Louisiana. Many of the member restaurants serve or offer to serve interstate travelers. It is the nature of the food supply industry in the general area of Shreveport and Lake Charles, Louisiana that it would be difficult if not impossible to operate a restaurant in which a substantial portion of the food served or other products sold did not come from without the State of Louisiana.

11. Since July 2, 1964, the great majority, if not all, of the voting members of the Northwest Louisiana Restaurant Club have deliberately engaged in the following acts and practices all for the purpose and with the effect of depriving Negroes of their right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the places of public accommodation owned or operated by such members without distinction of race or color:

(a) They posted signs and decals, supplied to them by the Club, in conspicuous places to indicate that their establishments were private clubs open to members of the Northwest Louisiana Restaurant Club only;

(b) They offered and issued membership cards as a matter of course to any white customer without any requirements or conditions whatsoever;

(c) They excluded Negroes from membership in the Club regardless of their behavior or appearance;

(d) They served white customers without regard to whether they were members of the Northwest Louisiana Restaurant Club;

(e) They denied equal service to Negroes on the ground that they were not members of the Northwest Louisiana Restaurant Club;

(f) They denied equal service to Negroes on the basis of their race or color.

12. The Northwest Louisiana Restaurant Club is a sham organization and exists for no other purpose than to act as a device through which affiliated restaurants would purport to operate private clubs to the exclusion of Negroes on the basis of race or color. The Club conducted no general meetings of voting members after July 1964 and no correspondence or other materials was distributed to Club members except that which related to customer selection and the pendency of this lawsuit.

13. The natural consequence of the formation and operation of the Northwest Louisiana Restaurant Club has been to discourage and deter Negroes from attempting to obtain service at the member restaurants, and it was the intent and purpose of the members of the Club to accomplish such discouragement and deterrence. This discouragement was facilitated by news reports appearing in the Shreveport newspapers in July 1964 which attributed to the defendant

**154**

Stansell statements that the purpose of the Club was to permit exclusion of certain persons from the member restaurants. These statements were never disavowed by Stansell.

14. The amendments to the Club's charter and bylaws adopted in February and March 1966 deleting references to non-voting memberships have not changed the basic underlying purpose for the Club's formation and existence. The officers of the club did not represent to the members that the purpose of the Club had changed or that as a result of the change the members were obliged to serve Negroes or do anything differently from their practices prior to the changes.

15. The defendant Northwest Louisiana Restaurant Club and its voting members have engaged in acts and practices which constitute a pattern and practice of resistance to the full and equal enjoyment by Negroes of the goods, services, facilities, privileges, advantages and accommodation of the places of public accommodation owned or operated by such members, without discrimination or segregation on the grounds of race or color. This pattern and practice is of such a nature as to, and is intended to, deny the full exercise of such rights.

16. Unless restrained by this Court, the defendants and the members of the Northwest Louisiana Restaurant Club will continue to engage in acts and practices in violation of Title II of the Civil Rights Act of 1964.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this action under Section 207(a) of the Civil Rights Act of 1964 [42 U.S.C. § 2000a-6 (a)] and under 28 U.S.C. § 1345.

2. A three-judge court was properly convened pursuant to and in accordance with Section 206(b) of Title II of the Civil Rights Act of 1964 [42 U.S.C. § 2000a-5(b)] and upon the request and certification of general public importance filed by the Attorney General of the United States.

3. The Attorney General of the United States is authorized to institute this action on behalf of the United States pursuant to Section 206(a) of the Civil Rights Act of 1964 [42 U.S.C. § 2000a-5(a)].

4. The voting members of the Northwest Louisiana Restaurant Club are agents of the Club for purposes of effecting the objectives of the Club and are persons acting in concert with the Club insofar as the operations of the Club and its voting members violate Title II of the Civil Rights Act of 1964.

5. The voting members of the Northwest Louisiana Restaurant Club are a class of persons within the meaning of Rule 23(a), F.R.Civ.P., and are properly sued through the individual voting members named as defendants representative of the entire class in this action.

6. This Court has jurisdiction of all the parties in this cause. The individuals listed in Attachment A to the Court's decree entered in this case are bound by the terms of that Decree.

7. The acts and practices of the defendants, as set forth in this Court's findings of fact, constitute an unlawful deprivation of the rights secured to Negro citizens to the free and equal use and enjoyment of public accommodations as guaranteed by Title II of the Civil Rights Act of 1964 [42 U.S.C. § 2000a].

8. This deprivation, resulting from the acts and practices of the defendants, has been and is pursuant to a pattern and practice of resistance to rights within the meaning of Section 206(a) of the Civil Rights Act of 1964 [42 U.S.C. § 2000a-5(a)].

9. The plaintiff is entitled to a permanent injunction as a matter of law.